3-2-1-0-1-8-1 The People of the State of Illinois, Appalee v. Darius D. Brown, Appellant Ms. Patton you may proceed. My name is Leah Patton and I represent the Appellant Darius Brown. Thank you. May it please the court and counsel. This is a criminal case where two and a half years passed between when Darius was arrested and incarcerated and when his bench trial was held despite his repeated demands for speedy trial. His trial attorney agreed to two delays when he shouldn't have done so and his attorney should have but did not argue for dismissal based on a speedy trial violation. Darius also requested at two different times during his case to represent himself and the trial court summarily denied those requests. After the bench trial was held Darius filed a motion for new trial based on ineffective assistance of his trial attorney. The trial court failed to conduct a preliminary determination before appointing Krankle counsel. Even if the trial court properly conducted a preliminary determination the trial court later allowed Krankle counsel to withdraw, did not appoint new Krankle counsel and left Darius to represent himself at the combined Krankle and motion for new trial hearing. First Darius's trial attorney was ineffective for failing to either file a motion and dismiss or adopt Darius's pro se motion and dismiss for violation of speedy trial and by requesting two continuances and those continuances resulted in the speedy trial clock being told. In custody defendants like Darius must be brought to trial within 120 days from arrest unless the defendant causes delays. In this case there was more than one pending case and in that situation the state can elect which case to proceed with first and in this case the state elected to proceed with a different case first a harassment of the witness case. That case is governed by governed by the 120 day period. This case is governed by the 160 day period and the time between the election and resolution of the first charge is told. So speedy in this case was told between September 5th 2019 the date of the election until January 10th 2020 when the case was disposed of. I believe the parties are in agreement that 118 days are attributable to the state in this case specifically the 28 day delay from March 28th 2018 which is the date of the arrest until April 19 2018 which was a pretrial conference date. Also the six day delay from July 31st to August 6th 2019. Further the 51 day delay from January 10th to March 2nd 2020 which was the a 35 day delay from July 7th to August 11th 2020. Darius's position is that there were other delays that are attributable to the state and that these total delays exceed the 160 day period and as a result his right to a speedy trial was violated and his attorney was ineffective in not making those arguments before the trial court. First there was a nine day delay between May 30th until June 8th of 2018 and Darius's position is that delay should be attributable to the state. At the May 30th pretrial conference Darius's trial attorney requested a continuance of trial. Darius objected to the continuance and requested a faster speedier trial and he wanted to proceed pro se. He clearly and unequivocally asserted his right to discharge his attorney and represent himself and his trial attorney was ineffective in requesting a continuance under those circumstances which had the effect of tolling speeding trial in his case. Could you just tell me your position in the ordinary circumstance where a defendant's not her own reasons to review the case whatever and the defense attorney sitting the defendant's sitting beside her and saying no no I want a speedy trial. I mean the attorney gets to decide that. Is that fair? I think that's a fair assessment in that sort of situation. Okay continue. We're also arguing that the two day delay from August 6th to August 8th 2019 should be attributable to the state. Darius had demanded speed trial on or about July 31st 2019 and the state at that time needed additional time to calculate speedy trial which was the main reason for that short continuance period. We're also arguing that the 28 day delay from August 8th to September 5th 2019 should also be attributable to the state. The parties on August 8th were ready to set a trial date under Darius's speedy trial demand. Both sides repeatedly request a trial date be set on September 30th. The court would not set the trial on that date because there was another trial set on that date and it it was only when it was clear that the court would not set a trial for the 30th which is what the parties asked that Darius's attorney suggested the next available date which was October 7th which was only a week later and so our position is is that one week delay was not due to Darius's actions that that was because of the court's busy trial docket at the time. Ms. Patton I'm a little confused. Do the times prior to the completion of the first trial still count? You're going back into 2018 and 2019 and the trial ended January 30th 2020 and that starts the new 160 day period right? I believe the trial in this case eventually ended happening the bench trial it was started on if I remember right September 1st of 2020 and they were not able to complete it in one day and it went over the course of several different days and it was kind of broken up quite a bit and so our position would be that the 160 days includes any periods that are not attributable to Darius that would be attributable to the state except for obviously the period between when the the harassment case that case was elected and then when that harassment case got done those are those periods are told during that time but there are various there are various times also where we're not disagreeing that Darius that his attorney requested continuances that we do not dispute and that are attributable to Darius okay that that's not really answering my question though and and my question is basically asked it's not a trick it's just ignorance I thought that when the trial was over in the first case that the defendant then had 160 days for speedy trial and that that was basically a whole new counting but you're going back to 2018 and 2019 my impression was that statutorily that doesn't you don't look at that anymore am I wrong about that I guess I I was in the impression that um those times would count but um if if I'm not you know incorrect does the state agree those times would count because I believe they do once the trial court or excuse me once the state chooses to go on that later charge that time from the first events okay I'm not phrasing right until that election is made are counted unless the delay within that period would be caused by the defendant so you don't start once that trial on that later charge concluded you it's 160 minus whatever occurred before the election by the state is that correct I think that's correct I will ask the state that but that so if so if in hypothetically if it took 30 days before the election of the state elected to go with the most recent charge to try correct yes I believe that's the case and so that period of time until that election was made again should be subtracted from the 160 at the conclusion of that trial and if I I'm confused by it as well but I thought that was what I understood it doesn't seem to be what the statute says but we we don't need to take time from your argument though I'm I have a question I if I didn't mean to interrupt justice McDade no go ahead I have a question related to the last time period that you brought up this 8 8 to 9 5 the parties if the court had been available on 9 30 that would have been an agreed date is that correct I believe that that would be so that so that was that they were agreeing to that date the court said well I'm unavailable that day so under that circumstance and then and then the court picks a 10 7 date about a week later under that circumstance does the court does the state eat the entire period 8 8 to 10 7 or does it just eat 9 30 to 10 7 it's a bad way to put that does it suffer the count if you will so are you saying I guess I'm I'm asking they they both agreed my understanding is they both said okay we're fine by agreement with this 9 30 day court says can't do that date I can do 10 7 and I'm just and I don't know the answer I'm asking you under the case law does the state I'm going to just say it eat the entire period or just the period from where they agreed to the 10 7 day our position would be the entire period and and just to clarify the court isn't the one that suggested the October 7th date I believe it was Darius's attorney when it became very clear that the court was like absolutely not going to set trial for the 30th so there was just no option at that point I'm I'm more curious about the period that he did want that that from that 9 30 date going backwards but please continue okay also the 56 day delay from March 2nd to April 27th 2020 should be attributable to the state at the time it was attributable to Darius so at that and this was the original trial date the March 2nd date his trial attorney moved to continue the trial Darius repeatedly objected to a continuance he repeatedly stated he wanted to proceed with trial and represent himself he was clear and unequivocal in his desire to discharge his attorney and represent himself and also his attorney's motion to continue appears to have been brought on or necessitated by the state's late filing of discovery just before trial our position is that his attorney was ineffective in requesting a continuance under these circumstances which had the effect of August 13th 2020 should be attributable to the state this short continuance was due to a power outage and the sheriff's inability to bring Darius over to the courthouse and he should not be penalized by having that attributable to him further the 12 day delay from August 19th to September 1st 2020 which is the date of the actual trial in this case should be attributable to the state on August 19th the state indicated it was ready to set and start Darius's trial on September 1st even though one witness was not quite available due to COVID-19 however the state intended to start the multiple day trial with other witnesses on September 1st so trial was going to start on September 1st and should not have been attributable and should not be attributable to Darius there's also a 21 to delay day delay that happened between April 27th to May 18th 2020 this period of time the court the trial court attributed this delay to the state at that time even though there were some COVID-19 orders that were in effect during that period of time our position is that we don't believe the trial court abused its discretion the trial court specifically found this delay was attributable to the state doing due to the state's pending motions there were some motions that compel and motions in so in summary we're arguing that there's a total of 249 days of delay or if the court were to exclude that 21 day delay that I just talked about if that was not properly attributed to the state because the COVID-19 orders then 228 days elapsed in either event more than 60 days had elapsed and Darius's trial attorney neither filed nor adopted his pro se motion to dismiss and there's no reasonable justification for doing so there is a reasonable probability Darius would have been discharged if a timely motion had been made and therefore his attorney was ineffective and failing to raise the speedy trial issue. Miss Patton your time has expired but you will have time to respond. Okay. Thank you. Councilor Navarro you may respond. Thank you. May it please the court. Council my name is Corinne Navarro and I represent the state of Illinois in this matter. Following defendant's conviction defendant appealed and raised four issues. Today I would like to address the first issue with the speeding trial but if there's any questions to any of the third other three issues I'd be more than happy to address those as well. As council stated there is an 118 day period which the state agrees was attributed to the state during the trial during the times for the trial. Specifically I'd like to answer Justice McDade's question regarding the period during the election of the second case the harassment case. While the state does say that the charge is pending within 160 days from the date on which judgment of the first charge that it essentially says 160 days from there case law has supported that during the period that an election is made to the time that that first case is actually resolved that time period is only told. So as Justice Holdridge stated the time period from before the election anything that was attributed to the state is also counted for in those 160 days. There's not an entire new 160 days that starts from the date of the disposition and that can be seen you're welcome in people versus cleaner as well. So as I stated those 118 days the state is stating that they were attributed to the state however there are a couple of days that we believe that should not have been attributed to the state. May 30th to June 8th that was a nine day it originally started with May 30th the defendant appeared but counsel was not present and once I apologize counsel appeared and defendant was not present and then once counsel appeared again defendant once defendant appeared again counsel was not present and somebody stepped in and that's when the counsel that stepped in requested a date of continuance for June 28th I believe and that's when defendant stated that he did not want that date I want a faster faster speedy trial so the court then inquired as if as to whether a shorter date could be done. It was conferred with counsel and the date of June 8th 2018 was proposed by the court at that point defense counsel agreed to that date and defendant did not object or express any any concerns with that date nothing was said and I would like to note that in defense counsel's reply brief they noted that there was no way that defendant could have objected to it because the court did not allow defendant to speak anymore however when we look at the record it shows that defendant attempted to speak the court told defendant that it would not be listening at the moment and then the court again started speaking and stated how a defendant was not brought up but defendant was still able to speak and inform the court actually I was not brought up it's not that I wasn't brought up I was taken to a different courtroom so here defendant even after being instructed by the court that initial time not to speak still spoke out in other regards and addressed the court's questions however no objection was made to the June 8th date so it's that that's the reason why it's the state's position that that should not be attributed to the state but rather to defendant because both defense counsel and defendant expressed no objection to the June 8th date when we move to a continuance from August 6th to August 8th again it was defense counsel that suggested the August 8th date and defendant also did not object to that date when we move from the date from August 8th can I just ask that 8-6 to 8-8 that continuance was so the state could calculate the speedy trial term is that right so that case had been continued on previously so that the state could calculate speedy trial but on August 6th it was defense counsel that stated there's new information and requested the August 8th date so it wasn't it was defense counsel that said I have new information and I'm requesting August 8th as the date so that's why that would be attributed to defense counsel then on August 8th both parties appeared that it was an agreed upon date of September 30th for trial to be set however the court due to docketing issues could not accommodate that date and it was scheduled for October 7th however from August 8th to September 30th that was an agreed upon date by defense counsel and by the state so that would not be attributed to the state it's the state's position that the delay essentially occurred from September 30th to October 7th which is where the docketing issue became however in the court never went to that October 7th date it ended up coming earlier on September 5th when that new election occurred so if you look at it from that perspective from August 8th to September 5th that wasn't agreed upon date by defendant because that initial date that they agreed upon was September 30th and September 5th was way before that September 30th date that was agreed upon by defendant therefore from August 8th until September 5th when the new election occurred that was not attributed to the state because it wasn't agreed upon date by both parties um does it not seem a little fair i mean i don't think there's a fact pattern that's going to be identical in any other case law that i'm aware of but does it not seem a little unfair to say all right we agree to this trial date but then weeks before we're like all right fine we're gonna we've changed our mind and we're gonna proceed on another case to still say that that period of time here i guess between 8-8 and 9-5 is agreed to i mean it was agreed to in the context of okay if you're correct it's agreed to okay we're gonna have a trial on you know October 7th but on September 5th we've changed the state changes its mind and says no trial we're going to elect on this other case should they still be eating the 8-8 to 9-5 period in that context uh it would be the state's position that that still would be attributed to um it would not be attributed to the state because the timing um and the date he's counting to towards a speedy trial are not being affected in any way whether it had been actually gone to trial on that October 7th thing it still should have only been that September 30th to October 7th date that would have been attributed to the state so the numbering that would count remains the same under the first October 17th and under the second one where the September 5th 2000 September 5th date for the election occurred the dates in themselves perhaps another way perhaps another way to look at it is that the reason for the agreed delay doesn't really matter it was agreed and then something intervened and that's just the way it is yes so there would be the state's that it's that initial agreement um regardless of the reasoning behind it the state and the defendant both agreed to that date which means they were agreeing to that time period elapsing it actually ended up being a shorter time period than the long period that had been agreed upon by both so that's why it would not be attributed to the state um and then um i'd also like to note that there was on March 2nd um was a time period from March 2nd 2020 to April 27th um where there was a continuance um here again different there were still pre-trial motions that needed to be um acknowledged and in between this continuance is when the Illinois Supreme Court order um came into effect on March 20th which was continuing all cases um for 60 days due to the COVID pandemic and the 12th also issued an administrative order on March 24th um essentially doing the same thing continuing everything um I know defense counsel in the reply brief stated that the date of tolling essentially did not start on March 20th when that initial Supreme Court order came out but would rather be in effect at a later date um due to the subsequent orders um that were sent out in to clarify that initial March 20th order um and here even if there's a date between March 2nd and March or I'm sorry the state was saying between March 2nd and March 20th that could have been attributed to the state even if that were extended um even longer that still would have put us well below the 160 days um however the state's position is still that the period from March 2nd until April 27th should not be attributed to the state um both because there was still preliminary motions that needed to be addressed um also the time period due to the COVID pandemic where courts were not able to in a safe manner hold actual trials that that would fall under the Supreme Court order as well as the administrative order um even looking to that last administered um Supreme Court order that was issued on on June I believe it was June 30th when it was just true yes June 30th 2021 even there um the Supreme Court in its order explained that it was tolling for speedy trial purposes up until October 1 2021 and it stated that any days after October 1 2021 would start the speedy trial clock again and even in that order it addressed that any dates prior to April 3rd 2021 could be included in the speedy trial so that is in essence stating that from April 3rd 2020 um up until October 21st 2021 that was all told and I understand the state's defense positions where it stated that was not explicitly stated in that March 20 um 2020 order however at the same time we need to look at the circumstance circumstances that were occurring in that time where everything was very unknown to everybody in that time and orders were coming out as more information was being found out and they were all start as they were stated as they were coming out they were clarifying previous orders so we still that even though it wasn't until April 7th when the Supreme Court stated that any continuance would not go to either the state nor the defendants um that was essentially clarifying its previous order um and then on April 9th is when the Supreme Court in its order actually used the word told um that the speedy trial would be told however it was still in administrative order on March 24th by the 12th circuit it stated that any continuance would not be attributed to neither the state nor the defense um so that's why we believe that those anything from March 2022 2020 to April 27th should not be attributed to the state similar on April 27 2020 to there was a continuance by the court to May 18 2020 um during that proceeding the court stated that it was because speedy trials were being suspended so even in that circumstance the court acknowledged that the reason for this continuance was based on the administrative orders and the Illinois Supreme Court orders due to be speedy trial being suspended so though that continues should not have been attributed by the to the state um as it was in essence based on the speedy being told um similar from August 11th to September 1st when there was actually a trial um there were continuance in between that but the essence of those continuances were all based on the fact that a state witness had COVID and that is why they were being continued the state noted that the witness would be cleared from COVID by September 9th but it still stated I can start on September 1st in order to expedite this we can start without that witness but September 1st was the first date that the state could safely start trials which is exactly what was protected by the administrative orders by the Illinois Supreme Court orders regarding COVID um that's why it's the state's position that those dates should not be attributed to the state um so here um the state's position is that only 118 days passed from the date of defendant's arrest to the date of being brought to trial and even if there were the between March 2nd and April 7th those dates were attributed to the state it would still only bring the count to 140 days which is well below the 160 days that the trial court I'm sorry that the state had to bring defendant to trial um and it's for those reasons that we ask this court to deny defendant's argument clarify for me uh counsel when the defendant said to the court I want to represent myself what time frame was that in um your honor that would have been in May there was two instances one on May 30th and one on immediately after a continuance was brought up so defense counsel would say I would like a continuance to this date and defendant would immediately state um I want to go pro se once a new date was proposed a shorter date defense defendant would no longer say anything would no longer renew his request thank you counsel any questions from the court other questions no no thank you thank you uh counsel patent you may reply uh yes may it please the court I just wanted to address a few things that were brought up by the state um specifically um I'll start with the March 2nd 2020 to April 27th 2020 that delay period the state had brought up that the state had filed some pre-trial motions so there had been several pre-trial motions motions in limine those um I mean for those periods for that period those were obviously the state's motions um you know in all fairness that any delay due to the state's motions should be attributable to the state um and those motions could have been heard on also also on the date of trial and then also um looking at the Supreme Court COVID orders and the 12th Circuit COVID orders um and dealing with the tolling issue um so um our position is is that Speedy was not told between um March 20th when the first Supreme Court order was entered dealing with COVID until April 27th 2020 which was the date when trial had been continued from March 2nd so our position is is that the Supreme Court's orders did not specifically provide for tolling of trials until the order that occurred on April 7th and at that time it became clear at that point that that if trials were continued because of COVID then then tolling would apply at that point also the 12th Circuit's April 9th 2020 order which implemented the Supreme Court's April 7th order was not an order that was that blanket continuances of all criminal trials like in this case what it in fact did is it allowed criminal trials to be continued on a case-by-case basis so looking at you know each you know docket and determining whether or not a case was appropriate for continuance or or not and in a if at all until April 27th and that is the date and that's April 27th 2020 and that is the date when the trial court actually continued the April 27th date until May 18th. Let's see here I'll go back up to May 18th 2018 so that period from May 18th 2018 until June 8th 2018 there's been an argument by the state that Darius did not object to the sooner date of June 8th because it was originally proposed to be a later date. Darius made it very clear that he wanted to have a faster trial date and he objected to any continuance and although he did not specifically object to the June 8th date he wasn't given the opportunity to object to that date he was clearly just cut off by the court and told by the court not to interrupt the court anymore and it would have been fruitless for Darius to have tried to object at that point and at that point the court had already made its decision and it moved on at that I think those are the only two that I wanted to address unless the court has other questions other questions no no thank you all right so on behalf of Darius we're just requesting at least concerning the issue that we've argued today the speedy trial issue that his attorney was ineffective in failing to argue a speedy trial violation and we are requesting a remand for ultimately for dismissal of his case and for the other arguments in our brief we're just asking for a remand for further proceedings thank you thank you counsel both for your arguments in this matter this morning it will be taken under advisement and a written disposition shall issue and at this time the clerk of our court will escort you out of our remote courtroom and the court will proceed thank you